UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COX COMMUNICATIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MARKMONITOR, INC.,<br><br>    Defendant. | Case No. 19-mc-80050-SK<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>Regarding Docket Nos. 24, 29, 30 |

On April 22, 2019, Defendant MarkMonitor, Inc. ("MarkMonitor") filed a motion to quash a deposition subpoena that Plaintiffs Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") had served. (Dkt. 24.) The subpoena seeks information relevant to a copyright infringement lawsuit currently pending against Cox in the Eastern District of Virginia, *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, Case No. 1:18-cv-00950-LO-JFA. The subpoena requests deposition testimony related to MarkMonitor's proprietary software system, associated documents and information, and associated source code, which Cox's expert recently had the opportunity to review pursuant to the order of this Court. (Dkts. 24-1 (Castricone Dec. Ex. A); 14.) For the reasons set forth below, the Court HEREBY GRANTS MarkMonitor's motion to quash the deposition subpoena.

**A.    Background.**

The subpoena was signed by Cox's counsel on April 10, 2019, and sets a deposition for April 19, 2019. (Dkt. 24-1 (Castricone Dec. Ex. A).) Counsel for MarkMonitor states that he accepted service by email on April 12, 2019. (Dkts. 24.; 24-1 (Castricone Dec. Ex. C).) No witness fees or mileage were tendered at that time, nor have any been tendered to date. (*Id.*) The subpoena lists the office of Cox's counsel in San Francisco, CA, as the location for the deposition. (Dkt. 24-1 (Castricone Dec. Ex. A).) MarkMonitor has its corporate headquarters in San

Francisco. (Dkt. 29.) On April 16, 2019, counsel for MarkMonitor identified four corporate designees who could be made available for deposition on the topics described in the subpoena. (Dkt. 24-1 (Castricone Dec. Ex. F).) Sam Bahun lives and works in Ohio; Curtis Eisenberger lives and works in Idaho; Slawomir Paszkowski lives and works in Lithuania; and Jacob Svalastoga lives and works in Denmark. (*Id.*) Cox has indicated some willingness to negotiate the date, location, and cost-shifting for the depositions, but discussions between counsel appear to have broken down, with no modification of the subpoena. (Dkt. 24-1 (Castricone Dec. Ex. J).)

MarkMonitor argues that the Court should quash the subpoena as defective because the required witness fees and mileage were not tendered at the time of service, because the subpoena does not allow a reasonable time for compliance, because the subpoena violates the geographical restrictions set forth in Federal Rule of Civil Procedure 45(c), and because the subpoena poses an undue burden. (Dkt. 24.) Cox counters that it did not tender fees and mileage because it did not know the identity of MarkMonitor's designees, that the time allotted is reasonable given the timing of discovery in the underlying litigation, that the location is reasonable because it is in the same city as MarkMonitor's corporate headquarters, and that MarkMonitor should educate and designate substitute witnesses to the extent that presenting witnesses from another geographical area is unduly burdensome. (Dkt. 29.)

**B.     Analysis.**

Federal Rule of Civil Procedure 45 governs discovery served on nonparties by subpoena. *Cabell v. Zorro Prods. Inc.*, 2018 WL 3023343, at *2 (N.D. Cal. June 18, 2018). Pursuant to Rule 45, a party may command a nonparty to testify via deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 incorporates the scope of discovery dictated by Rule 26. *Cabell*, 2018 WL 3023343, at *2 (citing *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2015). Rule 45(d)(3)(A) provides that a party may move to quash or modify a subpoena if it (i) fails to allow a reasonable time for compliance; (ii) requires a person to comply beyond the limits specified in Rule 45(c); (iii) requires disclosure of privileged matter; or (iv) subjects a person to undue burden. "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (citation omitted). On a Rule 45 motion to quash a

subpoena, the moving party has the burden of persuasion, but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Pers. Audio LLC v. Togi Ent., Inc.*, 2014 WL 1318921, at *2 (N.D. Cal. Mar. 31, 2014).

### 1. Time for Compliance

Cox's subpoena is defective because it fails to allow a reasonable time for compliance. "The question of whether the time to comply with a subpoena is a fact-specific inquiry; courts generally have found that fewer than ten days is not reasonable." *Gordon v. Sonar Capital Mgmt. LLC*, No. C 15-80080 LB, 2015 WL 1227848, at *2 (N.D. Cal. Mar. 15, 2015) (collecting cases). Here, the subpoena was signed on April 10, served on opposing counsel via email on April 12, and calls for the deposition of nonparty MarkMonitor's corporate representatives, none of whom are California residents, in California on April 19. Additionally, the deposition topics specified involve a large amount of highly technical material. The timeline established by the subpoena is inadequate for the subpoenaed party and designees to respond, prepare for depositions, and arrange travel. Indeed, the "usual and customary 14 day objection period for the witness to move to quash the subpoena would not even have run by the time of the proposed depositions." *Anderson v. Dobson*, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006) (quashing subpoenas that allowed only ten days for compliance as "unacceptable under not only the Federal Rules" but also "unacceptable as a matter of common courtesy.")

The Court is not moved by Cox's arguments regarding the pressing discovery timeline in the underlying action because issuing a subpoena to a nonparty witness is a serious matter and remains subject to the nonparty protections outlined in Rule 45, notwithstanding deadlines for discovery. Because the subpoena fails to allow a reasonable time for compliance, it *must* be quashed. *See Gordon*, 2015 WL 1227848, at *2; Fed. R. Civ. P. 45(d)(3)(A).

### 2. Geographical Limits

Because MarkMonitor's four corporate designees reside and work outside the state of California, the subpoena violates the geographical limitations imposed by Rule 45(c). As noted above, a party may move to quash any subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). In turn, "the plain language of Rule 45(c) indicates that the court cannot compel a witness – as an individual or as a

corporate representative – to travel more than 100 miles from a place of residence, employment, or regular business to testify at a deposition." *Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 19, 2015). This is true regardless of location of the corporate entity's headquarters, because "Rule 45's goal is to prevent inconvenience to the flesh-and-blood human beings who are asked to testify, not the legal entity for whom those human beings work." *Id.* (citing *Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 62 (S.D.N.Y. 1988). In this case, all four of MarkMonitor's designees reside farther than 100 miles from the specified deposition location. Accordingly, the subpoena must be quashed.

### 3. Alternative Designees

Cox's suggestion that MarkMonitor comply with the subpoena by selecting alternative designees is contrary to law. Cox contends that MarkMonitor has deliberately selected designees who live and work far from its headquarters in order to avoid deposition. Cox simultaneously suggests that, if MarkMonitor finds producing its designees burdensome, it should designate and educate for deposition designees who can appear in the United States. A nonparty corporate witness is entitled to designate persons to be deposed on its behalf. *See McIntyre v. BF Capital Holding, LLC*, 2016 U.S. Dist. LEXIS 127873, *4 ("an important facet of Rule 30(b)(6): the noticed organization is empowered with the right – and obligation – to designate the person(s) to testify on its behalf."). It is unreasonable for a nonparty witness to be forced to educate an alternative designee on a highly technical topic such as source code. *See, e.g.*, *In re Intel Corp.*, 2018 U.S. Dist. LEXIS 81906, at *1-4 (N.D. Cal. May 14, 2018) (holding that where "the source code at issue is complicated" it is "unreasonable to expect [the third party corporate witness] to educate another witness on technical topics"). Similarly, here, complex source code forms a large part of the subject matter underlying the subpoena. The complexities of testifying on such a technical topic make requiring a nonparty to educate an alternative witness unreasonable.

### 4. Undue Burden

As drafted, the subpoena imposes an undue burden on nonparty MarkMonitor. The Ninth Circuit has recognized that "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of the litigation to which they are not a party." *United States v. C.B.S., Inc.*, 666 F.2d 364, 371 (9th Cir.

1982). As discussed in the Court's order granting Cox's previous motion to compel, MarkMonitor's source code and information and documents pertaining to it likely are highly relevant to Cox's defenses in the underlying litigation. And it is those same topics on which Cox now seeks deposition testimony. However, the Court will not uphold a blanket subpoena that violates Rule 45's temporal and spatial limitations. The way the subpoena is currently drafted significantly burdens MarkMonitor, as compliance would require enormous expense and haste. For example, category 6 of the subpoena requires testimony regarding "[a]ny and all changes made to Your System(s) and the associated source code from 2010 to the present, including but not limited to changes to Your System's design and changes to the implementation of Your System." (Dkt. 24-1 (Castricone Dec. Ex. A).) It is difficult to imagine a more sweeping topic than category six. The subpoena lists 24 topics, many others of a similarly broad and sweeping scope, both on technical matters and on marketing strategy and business. (*Id*.) Courts routinely reject subpoenas that require excessive contortions of nonparties for compliance. *See, e.g.*, *Intel*, 2018 U.S. Dist. LEXIS 81096, at *1-4 (refusing to require nonparty corporation to produce international technical witness for deposition in the United States or require education of an alternative witness on technical topics). The Court declines to rewrite the subpoena for Cox merely because it seeks relevant information. The motion to quash must be granted under this aspect of Rule 45(d) as well.

### 5. Failure to Tender Fees and Mileage.

Finally, the subpoena is defective because Cox failed to tender witness fees and mileage at the time of service. Multiple courts have granted motions to quash subpoenas as defective for failure to tender witness fees and mileage when served. *See CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983) (upholding requirement of "the concurrent tender of witness fees and an estimated mileage allowance with service."); *Lemberg*, 2016 WL 3231300, at *5 (quashing subpoena served without tender of fees); *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (same). The Court is aware of no authority, and Cox points to none, indicating that there is an exception to this requirement because the witness' designees are unknown to the party issuing the subpoena. The subpoena is therefore quashed as defective on this basis as well.

**C. Conclusion**

For the reasons discussed above, the Court GRANTS MarkMonitor's motion to quash Cox's subpoena in its entirety.

**IT IS SO ORDERED**.

Dated: May 9, 2019



SALLIE KIM
United States Magistrate Judge