

333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 213 615 1700
F +1 213 615 1750

**DIANA HUGHES LEIDEN**
Partner
(213) 615-1924
DHLeiden@winston.com

June 26, 2019

**VIA ECF**
Magistrate Judge Sallie Kim
Northern District of California
San Francisco Courthouse, Courtroom C
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Cox Communications, Inc. v. MarkMonitor, Inc.*, Case No. 19-mc-80050-SK

Dear Judge Kim:

Plaintiffs Cox Communications, Inc. and CoxCom, LLC ("Cox") respectfully submit this letter brief pursuant to Courtroom Deputy Melinda Lozenski's email of June 26, 2019.

Cox will be taking the 30(b)(6) deposition of MarkMonitor, Inc. on Tuesday, July 2. Cox has taken every step to accommodate MarkMonitor's chosen witness on the source code and technical topics, including agreeing to his preferred date and location (Vilnius, Lithuania). The only issue remaining is MarkMonitor's recent objection to Winston & Strawn attending the deposition in person. Because there is simply no basis for MarkMonitor's stated unwillingness to comply with a duly issued subpoena on the grounds the deposing counsel intends to attend the deposition in person, judicial intervention is appropriate here.

Following the Court's order on May 9, 2019 granting MarkMonitor's motion to quash, Cox served a revised deposition subpoena on MarkMonitor on May 10, 2019 appending a narrowed list of topics consistent with the Court's ruling. A copy of the subpoena is attached hereto as **Exhibit A**. MarkMonitor then designated certain domestic and foreign witnesses to testify on subpoenaed topics. Cox deposed MarkMonitor via a domestic witness, Sam Bahun, in Los Angeles on June 13, 2019 on certain of the topics and portions of other topics for which he was designated.

MarkMonitor has designated Slawomir Paszkowski, a Lithuanian resident, to testify on separate deposition topics and sub-topics relating to source code and other technical issues. MarkMonitor represented on June 6, 2019 that "[w]hile Mr. Paszkowski will agree to be deposed, he is not subject to personal jurisdiction in the United States, and does not consent to travel to the United States for his deposition." While Cox does not agree with MarkMonitor's legal positions taken in correspondence, Cox is proceeding with the deposition of MarkMonitor through Mr. Paszkowski in Lithuania, and has scheduled the deposition at Cox's Lithuanian counsel's office in Vilnius, Lithuania (2.4 kilometers away from Mr. Paszkowski's identified location) for July 2, 2019, a day which MarkMonitor's counsel has confirmed Mr. Paszkowski is available.



June 26, 2019
Page 2

MarkMonitor has repeatedly asked for confirmation that the proposed deposition will proceed in compliance with Lithuanian law, and has asserted the Cox must secure written approval from the Lithuaninan authorities before the deposition can proceed. Cox's Lithuanian counsel has opined that, to the contrary, "no advance permissions by Lithuanian authorities are required," and "there are no Lithuanian laws or procedures that would restrict Cox from deposing a U.S. company through an individual located in Lithuania." Cox's Lithuanian counsel has also confirmed:

- The Code of Civil Procedure of the Republic of Lithuania ("Lithuania CCP") does not provide any limitations on the parties of the foreign litigation arranging or taking a deposition in the territory of the Republic of Lithuania.

- The Lithuania CCP as well as the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") establish the Lithuanian courts' duty to collaborate with foreign courts when certain requests of legal aid in civil matters are received. This includes witness examinations.

- Neither the Lithuania CCP nor the Hague Convention place any restrictions on foreign practitioners' ability to conduct a deposition with a cooperative witness in the territory of the Republic of Lithuania.

- There is no case law that would establish any restrictions for conducting the deposition in person.

Cox has provided to MarkMonitor the declaration of their Lithuanian counsel confirming this, which is attached hereto as **Exhibit B**.

The parties discussed potentially proceeding with the deposition via video. Cox has determined, in order to ease the logistical burdens associated with taking a deposition involving significant documents and difficult technical issues remotely, to travel to Lithuania to take the deposition in person. MarkMonitor is now refusing to provide its witness because Cox intends to conduct the deposition in person, insisting that "there will not be an attorney conducting any live examination or defense of the witness." There is no basis for any such limit to the deposition. Indeed, Cox is making all necessary logistical arrangements with local counsel and will accommodate MarkMonitor's counsel (and Plaintiffs' counsel) who wish to attend the deposition remotely, and the witness, who wishes to proceed in his city of residence. A copy of the email correspondence between myself, MarkMonitor's counsel, and Plaintiffs' counsel is attached hereto as **Exhibit C**.[1]

---

[1] While Cox regrets having to bring this issue to the Court as this belated date, Cox has spent significant time addressing each of MarkMonitor's concerns relating to the deposition. First, Cox retained Lithuanian counsel to confirm that there were no Lithuanian laws or procedures that would prevent or restrict the deposition. Next, Cox offered to fly the witness business class to London to take the deposition, or to take it in another location more convenient for the parties, but ultimately agreed to take it in Lithuania for the witness' convenience. Finally, Cox would have preferred to take the deposition earlier, but the witness



MarkMonitor's position is wrong for several reasons.  First, MarkMonitor is not in a position to insist that Cox depart from the ordinary course procedure for taking a deposition by actually attending it.  MarkMonitor, not Mr. Paszkowski, is the subject of the subpoena.  MarkMonitor is a U.S. company subject to the Court's jurisdiction, and therefore is under a legal obligation to produce a witness.  It cannot unilaterally refuse to respond.  Rule 30(b)(6) fundamentally requires that MarkMonitor "designate one or more officers, directors, or managing agents, *or designate other persons who consent to testify* on its behalf." (emphasis added).  In other words, MarkMonitor cannot hide behind its foreign witnesses to avoid a deposition.  The District Court for the District of Columbia put it this way:

> [T]he Court observes that the text of Rule 30(b)(6) would prohibit a party from seeking to avoid its obligations under the Rule by designating a witness whom it believes will refuse to testify. *See* Fed. R. Civ. P. 30(b)(6). If an employee or agent of the party has knowledge regarding a subject identified in a Rule 30(b)(6) notice but is unable to testify, then the party is obligated to prepare another witness who can testify as to the information known by that employee or agent.

*Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 308 F.R.D. 27, 34 (D.D.C. 2015).

Second, MarkMonitor's suggestion that the Hague Convention imposes a barrier to this deposition is wrong.  The Hague Convention cannot be used as a shield to conducting a deposition abroad.  As Cox's Lithuanian counsel has opined, "[n]either the Lithuania CCP nor the Convention place any restrictions on foreign practitioners' ability to conduct a deposition with a cooperative witness in the territory of the Republic of Lithuania."  And, in any event, the Hague Convention does not require that a party to a U.S. litigation resort to the procedures of the Hague Convention.  *See Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. for the Southern Dist. of Iowa*, 482 U.S. 522, 536–38 (1987) (Hague Convention procedures are not mandatory and exclusive but are intended as a permissive supplement); *see also Yowie N. Am., Inc. v. Candy Treasure, LLC*, No. 13-CV-1906 BEN JMA, 2013 WL 6061945, at *2 (S.D. Cal. Nov. 14, 2013) (noting that "[i]n *Societe Nationale*, 'the Supreme Court did not hold that depositions of foreign nationals require compliance with the Hague Convention.' **There is no need for prior approval from a local government, and arguing that it does "ignores the fact that the Hague Convention is not mandatory, making such approval unnecessary.**") (emphasis added).

Finally, MarkMonitor has not provided any authority for their refusal to proceed with the scheduled deposition on the basis that Cox's counsel will be attending in person.  Their position appears to be predicated on the cost of their counsel (and Plaintiffs' counsel) traveling to Lithuania and a concern that there will not be a "level playing field" if MarkMonitor's and Plaintiffs' counsel attend remotely—rather than any concern for the witness.  But Cox has taken every step to accommodate MarkMonitor's chosen witness, including offering to fly him business class to London for the deposition.  In addition, Cox has offered to fly the witness to the U.S. if MarkMonitor's counsel wants to attend in person, but does not want to go to Lithuania.  MarkMonitor cannot block Cox from proceeding with the deposition in the manner it was noticed.  Indeed, an in-person deposition is the norm, will undoubtedly improve the quality of the testimony by improving the ability of counsel and the witness to communicate, and ease the logistical

---

was only available on July 1 or 2.  It was not until this week that Cox learned that MarkMonitor was objecting to Winston & Strawn appearing at the deposition in person.  *See* **Exhibit C**.



June 26, 2019
Page 4

burdens associated with taking a deposition over videoconference.  That should be in the interest of all of the parties, including MarkMonitor and the *Sony* plaintiffs.

Given that July 2, 2019 is the close of all discovery in the underlying case in the Eastern District of Virginia, Cox seeks an Order from this Court requiring:

1. The deposition of MarkMonitor's corporate representative to proceed, beginning at 10:00 am, local Lithuanian time on July 2, 2019 at Cox's Lithuanian counsel's office:

   Motieka & Audzevicius
   Gynėjų g. 4, LT-01109 Vilnius, Lithuania.

2. Cox will accommodate MarkMonitor's counsel (and Plaintiffs' counsel) who wish to attend the deposition remotely.

Respectfully submitted,

*s/ Diana Hughes Leiden*
Diana Hughes Leiden


Cc: Andrew D. Castricone, via ECF