UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COX COMMUNICATIONS, INC.,<br>Plaintiff,<br>v.<br>MARKMONITOR, INC.,<br>Defendant. | Case No. 19-mc-80050-SK<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Regarding Docket Nos. 32, 34 |

Now before the Court is the discovery dispute addressed in the letters filed by the parties on June 26 and 27, 2019. This dispute centers on the deposition of Slawomir Paszkowksi, a Lithuanian resident who is employed by non-party MarkMonitor, Inc. ("MarkMonitor").[1] MarkMonitor designated Paszkowksi as the person most knowledgeable on certain subjects in response to a deposition subpoena from Cox.

The parties negotiated for a date for Paszkowksi's deposition on July 2, 2019, the last date for discovery in the underlying action. The initial discussion between the parties discussed the possibility of a deposition via video. Later, Cox communicated a desire to take the deposition with Cox's lawyer physically present in Lithuania. MarkMonitor objected because MarkMonitor's lawyers could not travel to Lithuania on short notice.

The Court finds that the interests of justice favor MarkMonitor's position. MarkMonitor is not a party to the underlying action. MarkMonitor has no ability to seek an extension of the deadline for completion of discovery in the underlying action, and that deadline is driving the scheduling of Paszkowksi's deposition. If there were more time to take the deposition, the Court

---

[1] Although MarkMonitor is technically listed as a defendant, MarkMonitor is the recipient of a third party subpoena from Cox Communications, Inc. ("Cox") for litigation in another action pending in the U.S. District Court for the Eastern District of Virginia: *Sony Music Entertainment, et al. v. Cox Communications, Inc. et al.*, Case NO. 18-cv-00950-LO-JFA (the "underlying action").

would consider ordering MarkMonitor's lawyer to travel physically to Lithuania, at Cox's expense. MarkMonitor has already been subjected to a significant amount of discovery, and, as the Court previously noted, courts in general are concerned about the burden to a non-party such as MarkMonitor.

Although the Court understands that a deposition via video is more cumbersome, depositions via video can yield information and are becoming a more common method of taking depositions.

The Court also notes that an individual who is not a lawyer finds the process of a deposition intimidating, even if the deponent has a defending lawyer physically present. That intimidation only increases if an individual is questioned by a lawyer who is in person but with a defending lawyer who is only available remotely. There is a human element to depositions and discovery that corporations often forget, but the interests of justice should not ignore the protection of non-parties and individuals.

For these reasons, the Court ORDERS that the deposition of Paszkowksi take place via video only. The sole exception is that Cox may have a lawyer present, in person, to process documents – i.e., hand documents to Paszkowksi and ensure that the court reporter marks the documents correctly. No other lawyer may appear other than via video.

**IT IS SO ORDERED**.

Dated: June 28, 2019

_____
SALLIE KIM
United States Magistrate Judge